IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PETER ANTONIO TUBENS,<br><br>    Petitioner,<br><br><br>    vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | ORDER AND MEMORANDUM<br>DECISION<br><br><br>Case No. 2:15-CV-00659-TC<br><br>        2:11-CR-00579-TC<br><br>Judge Tena Campbell |

Peter Antonio Tubens was taken from a Greyhound bus and arrested when police found several pounds of methamphetamine in his carry-on luggage. Mr. Tubens was tried and found guilty of possession with intent to distribute. Now, Mr. Tubens asks the court to vacate his sentence under 28 U.S.C. § 2255, alleging that his attorneys rendered constitutionally ineffective counsel. Because the court concludes that Mr. Tubens has not established that his counsels' performance was

constitutionally defective or resulted in prejudice, the court denies his motion and dismisses his petition.  See Strickland v. Washington, 466 U.S. 668 (1984).[1]

## BACKGROUND

In June 2011, Utah Highway Patrol agents, with the help of their drug-sniffing dogs, caught Mr. Tubens riding a Greyhound bus with methamphetamine in his carry-on luggage.  The Government charged him with possession of methamphetamine with intent to distribute.  The charge carried a ten-year minimum mandatory sentence.

The next month, Mr. Tubens, along with his then-attorney, met with an FBI agent in Philadelphia.  During the meeting, Mr. Tubens told the agent that his father-in-law introduced him to the drug-trafficking world.  Mr. Tubens admitted that he recently visited his father-in-law's supply source—a Las Vegas resident named Victor—who sold him several pounds of methamphetamine.  He informed the agent that he stored the methamphetamine in his carry-on luggage as he

---

[1] The court denies Mr. Tubens's request for a hearing because the court can decide the case based on the record before it.  See Rules Governing Section 2255 Proceedings at Rule 4(b) (requiring court to dismiss motion if the petitioner plainly is not entitled to relief), Rule 8(a) (allowing court, if motion is not dismissed, to consider whether an evidentiary hearing is warranted).

returned to Philadelphia on a Greyhound bus.  He explained that it was on this trip home to Philadelphia that he was arrested.

Mr. Tubens submitted this information to the FBI agent without being granted any kind of immunity or proffer letter.

A few weeks before Mr. Tubens's scheduled trial the Government filed a notice under 21 U.S.C. § 851 informing him that he may be subject to increased punishment as a result of his two previous drug-trafficking offenses.  According to the Government, these prior drug-trafficking offenses potentially subjected Mr. Tubens to a life sentence.

Though he conceivably faced a life sentence, and though his counsel advised him of the benefits of entering a plea agreement, Mr. Tubens insisted on going to trial.  In fact, before his trial began, Mr. Tubens appeared in court with his counsel.  There Mr. Tubens's counsel told the court that "there were some discussions during the recess.  The Government extended an offer of 20 years. That offer has been rejected by the defendant."  (Trial Tr. 19–20, ECF 110 in Case No. 2:11-cr-00579.)

Mr. Tubens proceeded to trial and lost.  Though the Government argued that his two earlier drug-trafficking convictions subjected him to a life sentence,

3

Mr. Tubens's counsel responded that only one of his prior offenses should be considered in his sentencing.  Ultimately, the court agreed with Mr. Tubens's counsel and sentenced him to twenty years in federal prison.

After Mr. Tubens's sentencing, then Attorney General Eric Holder released a memorandum regarding charging decisions in drug cases ("the Holder Memorandum").  That memorandum states that prosecutors should decline to charge the quantity of narcotics necessary to trigger certain mandatory minimum sentences if the defendant meets specific criteria.

## ANALYSIS[2]

Mr. Tubens claims his counsel provided constitutionally ineffective assistance by failing to (1) adequately advise him about the possibility and benefits of entering a plea agreement, (2) negotiate a sentence in light of the Holder Memorandum, (3) interview potential witnesses, (4) challenge the purity

---

[2] Because Mr. Tubens is proceeding pro se, the court construes his pleadings liberally.  United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).  But the court will not act as an advocate for a pro se litigant.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Here, Mr. Tubens filed a motion titled "Motion to Amend and Supplement the Record Pursuant to FRCP Rule 15(a)(1)."  (ECF No. 10.)  In this filing, Mr. Tubens raised new issues relevant to his petition.  Because the court construes Mr. Tubens's pleadings liberally, the court has reviewed his newly raised arguments and addresses them below.

of the methamphetamine as well as cross-examine the Government's chemist, (5) challenge a pre-arresting officer's failure to read to Mr. Tubens his <u>Miranda</u> rights, and (6) challenge the applicability of one of his prior drug-trafficking offenses to his sentencing based on the age of that offense.  The Government responds that Mr. Tubens fails to meet his burden on all of these claims.  It argues that the evidence "establishes defense counsel's performance was not deficient, and that in any case, petitioner was not prejudiced."  (Resp. Br. 5, ECF No. 9.)

Generally, defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process.  <u>Padilla v. Kentucky</u>, 559 U.S. 356, 373 (2010).  The Sixth Amendment entitles defendants "to the effective assistance of competent counsel."  <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970).

When reviewing a defense counsel's performance, courts must start with the "strong presumption" that counsel provided effective assistance.  <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).  A defendant has the burden to overcome that presumption.  <u>Id.</u>  To do so, a defendant must demonstrate two elements: that his counsel's performance (1) was unconstitutionally deficient, and (2) resulted in prejudice.  <u>Id.</u> at 687.  The performance prong of Strickland requires a defendant

5

to show "that counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (citation and internal quotation marks omitted). And to demonstrate prejudice, "a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 689.

When a defendant claims that ineffective counsel led to the rejection of a plea offer, the defendant must establish that but for the "ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence . . . would have been less severe than under the judgment and sentence that in fact were imposed." Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). To show the first element—that there is a reasonable probability the plea offer would have been presented to the court—a defendant must provide evidence suggesting that he "would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances." Id.

6

Here, the record establishes that Mr. Tubens's counsel, while in Mr. Tubens's presence, informed the court that Mr. Tubens had rejected the Government's plea offer of twenty years. Additionally, Mr. Tubens's counsel, Robert Gamburg and Paul Grant, submitted affidavits stating that they were concerned about his potential life sentence and they had informed him multiple times of "the benefits of entering a negotiated plea with the Government." (Aff. of Robert Gamburg, attached as Ex. B to Resp. Br., ECF No. 9; see also Decl. of Paul M. Grant, attached as Ex. C to Resp. Br., ECF No. 9)  In response, Mr. Tubens stated that "he would not take a plea bargain and [he] insisted on going to trial." (Id.)  The record also contains testimony that Mr. Tubens admitted his drug trafficking to an FBI agent.  Finally, the record shows that the Government considered offering a twenty-year plea agreement, equivalent to the sentence Mr. Tubens actually received.

Based on the record evidence, Mr. Tubens's claims fail at the outset. First, in regard to the plea negotiations, Mr. Tubens not only fails to establish that his counsel provided ineffective assistance, but he also fails to establish that "there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or

7

sentence . . . would have been less severe than under the judgment and sentence that in fact were imposed." Lafler, 132 S. Ct. at 1385. The record demonstrates that Mr. Tubens's counsel advised him of the benefits of a plea agreement and Mr. Tubens rejected it. In fact, the record confirms that the plea offer was twenty years, the same amount of time to which Mr. Tubens was actually sentenced. Consequently, even if Mr. Tubens could show deficient performance regarding a potential plea agreement, he could not show prejudice.

Second, on the topic of the Holder Memorandum, the court sentenced Mr. Tubens on August 8, 2013, whereas the Holder Memorandum was published on August 12, 2013—four days after his sentencing. So even if the Holder Memorandum were to apply to Mr. Tubens's case, his counsel did not have an opportunity to negotiate his sentence in light of this memorandum and, consequently, his counsels' behavior did not fall "below an objective standard of reasonableness." Hill, 474 U.S. at 57 (1985) (citation and internal quotation marks omitted).

Third, Mr. Tubens claims his counsel provided ineffective assistance by failing to interview potential witnesses, cross-examine the Government's chemist, and challenge the purity of the methamphetamine, but it is his responsibility to

"show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 689.  And Mr. Tubens offers no evidence suggesting that had counsel performed these tasks the result would have been different.  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *See Ross v. Estelle,* 964 F.2d 1008, 1011 (5th Cir.1983); see also United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012) (stating that "conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255"). Mr. Tubens's failure to provide evidence is particularly noteworthy in light of the Government's evidence that he admitted to FBI agent that he purchased methamphetamine in Las Vegas and was transporting it back to Philadelphia when he was arrested.

Fourth, Mr. Tubens's Miranda claims fail because the record shows that Mr. Tubens was not in custody at the time he spoke with the pre-arresting officer. (See Trial Tr. 30–59.) Miranda does not require an officer to read rights to a suspect who is not in custody, so any motion to suppress Mr. Tubens's

subsequent statements would have failed.  See  Berkemer v. McCarty, 468 U.S. 420, 439–40 (1984).

Finally, though Mr. Tubens claims that one of his drug-trafficking offenses was too old to enhance his sentence, Mr. Tubens fails to establish any prejudice. Even assuming Mr. Tubens's assertion is accurate, his counsel convinced the court that his two drug-trafficking felonies actually involved the same course of conduct and, therefore, should count as only a single conviction.  Accordingly, Mr. Tubens fails to show any prejudice.

## ORDER

Because Mr. Tubens failed to show that his counsels' performance was defective, and because he failed to show that his counsels' performance prejudiced him, the court DENIES Mr. Tubens's motion and DISMISSES his petition.

DATED this 28th day of November, 2016.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

10